IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| JESSE J. SMITH, | ) | No. 3:21-CR-128-TAV-HBG |
| KENNETH M. EDMONDS, | ) | |
| CHARLES A. KEELING, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case came before the undersigned on January 25, 2022 for a telephonic hearing on Defendant Edmonds's First Motion to Continue [Doc. 34], filed on December 30, 2021. Assistant United States Attorney Alan S. Kirk appeared by telephone on behalf of the Government. The following defense counsel appeared via telephone. Assistant Federal Defender Nakeisha C. Jackson appeared on behalf of Defendant Smith, Attorney Michael B. Menefee appeared on behalf of Defendant Edmonds, and Attorney Jonathan S. Wood appeared on behalf of Defendant Keeling.

In his motion [Doc. 34], Defendant Edmonds moves the Court to continue the trial date of this matter, to reset the motion and plea deadlines. The motion provides that Defendant Edmonds has yet to receive discovery from the government, so additional time will be needed to review discovery and investigate the issues of this case once discovery is received. Defendant Edmonds's counsel also stated at the hearing that he has another trial scheduled for February 8, 2022, the same day as the trial for the instant matter. The motion indicates that the Government does not oppose the requested continuance. The Motion states that the right to a speedy trial has been fully explained to Defendant Edmonds, and he understands and acknowledges that the time between the

filing of his motion for a continuance and the new trial date will be fully excludable for purposes of the Speedy Trial Act.

At the hearing, Defendant Smith stated through counsel that he does not object to the continuance, and he joins in Defendant Marriotti's motion. Defendant Keeling stated through counsel that he does not object to the requested continuance. AUSA Kirk stated that the Government does not oppose the requested continuance. The parties agreed to a new trial date of August 9, 2022.

The Court finds the motions to continue the trial are unopposed and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Court finds a trial continuance is necessary to permit defense counsel to prepare for trial. In this regard, the Court observes that additional time is necessary for Defendants to review discovery and investigate the issues of this case such that additional time is necessary for the Defendants to prepare the case for trial. Furthermore, Defendant Edmonds's counsel has another trial scheduled for February 8, 2022. Considering the circumstances, to require defendants to proceed to trial on February 8, 2022, would be a miscarriage of justice. *See* 18 U.S.C. § 3161(h)(7)(B)(i). Defense counsel need time to review discovery, to investigate the issues of this case, and to otherwise prepare for trial. Thus, the Court concludes that without a continuance to August 9, 2022, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

Additionally, the Court finds that the defendants making the instant motions are joined for trial with codefendants for whom the speedy trial time has not run and that no motion for severance

is pending. 18 U.S.C. § 3161(h)(6). The Court also finds that the continuance needed by the defendant is reasonable. *See* 18 U.S.C. § 3161(h)(6).

The Motion to Continue **[Doc. 34]** is **GRANTED**. The trial of this case is reset to **August 9, 2022**. The Court finds that all the time between the filing of the motion on **December 30, 2021**, and the new trial date of **August 9, 2022**, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)–(B). Accordingly, the Court **ORDERS** as follows:

(1) Defendant Edmonds's Motion to Continue [**Doc. 34**] is **GRANTED**;

(2) The trial of this case is reset to commence on **August 9, 2022, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of the first motion on **December 30, 2021**, and the new trial date of **August 9, 2022**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **February 25, 2022**. Responses to motions are due on or before **March 11, 2022. Any necessary hearing on pretrial motions** will be set at a later date;

(5) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **July 11, 2022**;

(6) Motions *in limine* are due on or before **July 25, 2022**;

(7) The parties are to appear before a magistrate judge for a final pretrial conference on **July 19, 2022, at 11:00 a.m.**; and

(8) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **July 29, 2022.**

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge